The BRUNSWICK–BALKE–COLLEN-
DER COMPANY

v.

The LUFF COMPANY

and

The Beryllium Corporation.

Civ. A. No. 28826.

United States District Court
E. D. Pennsylvania.

July 22, 1964.

James E. Beasley, John Patrick Kelley, Philadelphia, Pa., for plaintiff.

Peter O. Clauss, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for The Luff Co.

Oscar Brown, Philadelphia, Pa., for the Beryllium Corp.

GRIM, District Judge.

This is a motion to dismiss for lack of diversity of citizenship. Plaintiff instituted this diversity action against The Luff Company and The Beryllium Corporation, alleging that the defendants were negligent in, and breached their warranties relating to, the grinding and manufacture of a certain mold to be used by plaintiff in the manufacture of radar housings for certain B–58 bombers.

Plaintiff's complaint in part provided:

"1.　The plaintiff, The Brunswick-Balke-Collender Company, is incorporated under the laws of the State of Delaware, having its principle (sic) place of business at 623 South Wabash Avenue, Chicago, Illinois.

\*　\*　\*　\*　\*　\*

"4.　The defendant, The Beryllium Corporation, is a resident and citizen of the Commonwealth of Pennsylvania, having its principle (sic) place of business at Reading."

To both these averments the defendants answered "admitted". It now affirmatively appears on the record that although the defendant, The Beryllium Corporation, has its principal place of business in Pennsylvania, it is incorporated under the laws of the State of Delaware and, therefore, there is no diversity of citizenship between the plaintiff and Beryllium. Consequently, the motion to dismiss the plaintiff's complaint against Beryllium must be granted.

The decision to dismiss the action against Beryllium is made with reluctance, since it appears from the information submitted by plaintiff's counsel that the mistake as to Beryllium's citizenship was not an unreasonable one considering the circumstances and since it appears that the statute of limitations may now have run in the action against the Beryllium corporation.

What has been said heretofore, of course, does not affect the right of the plaintiff to litigate in this court its complaint against The Luff Company. Diversity of citizenship between these parties is clear. Beryllium Corporation is not an indispensable party to the Brunswick-Luff action and, accordingly, the dis-

missal from this case of Beryllium for lack of diversity of citizenship does not require that the action against Luff Company also be dismissed for failure to join an indispensable party.